UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In the Matter of the Complaint of : | |
| BRENDA MARCOTTE and RYAN : | |
| MARCOTTE, as owners of M/Y OHANA, : | C.A. No. 25-173MRD |
| For Limitation of Liability, : | |
| : | |
| Petitioners. : | |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

This is an admiralty action for exoneration or limitation of liability arising from a collision on Rhode Island state waters on September 29, 2024. Now pending before the Court is the motion (ECF No. 9) of Claimant Rhode Island Department of Environmental Management ("RIDEM") to partially lift the stay injunction entered by the Court on May 8, 2025 (ECF No. 5), hereinafter, the "Stay." By motion to lift or modify the Stay, RIDEM seeks leave of Court to proceed with civil traffic tribunal proceedings against Petitioner Ryan Marcotte for alleged violations of state navigation regulations that he allegedly committed while operating the Ohana during the voyage that ended with the collision. The motion has been referred to me; because it implicates an injunction, I am addressing it by report and recommendation.

**I.   Background**

This action, brought pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*, was commenced by Petitioners Brenda and Ryan Marcotte, husband and wife, claiming to be the "owners"[1] of the vessel Ohana, which was involved in a collision with another vessel on

---

[1] An issue that the parties ultimately agreed is a "red herring" arose during briefing of the motion to partially lift the Court's Stay. That is, RIDEM discovered that Petitioner Ryan Marcotte is not the registered owner of the Ohana in that only his wife appears on the Ohana's Certificate of Documentation and related ownership records. ECF No. 13 at 1. Petitioner Ryan Marcotte counters that applicable law provides that title ownership is not dispositive of the issue of who is an "owner" for purposes of the Limitation Act, which concept is accorded a liberal, common sense interpretation in order to effectuate the intent of the Act, so that an "owner" may be based on such factors as who

September 29, 2024.  Complaint ¶¶ 4,6.  The Complaint alleges that Petitioners are entitled to exoneration or limitation of liability because they had used due diligence to make the Ohana seaworthy in all respects and that any losses, damage or injury caused by the collision was not caused by, or contributed to by, any negligence or fault of Petitioners.  Id. ¶¶ 9, 11.  Based on these allegations, Petitioners asked the Court to direct that all claims arising from the collision must be filed in this Court creating a concursus; that any further prosecution of them in any other forum be enjoined; and that Petitioners be adjudged either not liable or, if liable, that such liability be limited to the amount of Petitioner's interest in the Ohana.  Id. at 4-5.  On May 8, 2025, the Court issued its Order mandating that all claims arising from the collision must be filed in this Court by a bar date; the Order included the Stay.  ECF No. 5.

Three Claimants had initiated state court proceedings against Petitioner; they are the two individuals associated with the other vessel – Claimants Gary and Gerard Narkiewicz –and RIDEM.  The Narkiewiczs had sued Petitioners in Rhode Island Superior Court, while RIDEM had charged Petitioner Ryan Marcotte in the traffic tribunal with civil violations of Rhode Island navigational rules.  ECF No. 12 at 3.  These state proceedings were enjoined by the Stay and all three Claimants have asserted claims against Petitioners in this action.  The Claimants' responsive pleadings allege *inter alia* that Petitioners are not entitled to exoneration or limitation

---

pays for storage of the vessel, who skippers the vessel, and who has possession and control of the vessel.  Complaint of Nobles, 842 F. Supp. 1430, 1437 (N.D. Fla. 1993).  Consistent with this argument, Petitioner Ryan Marcotte alleged in the Complaint that he is an "owner," and he submitted a declaration establishing that he meets the indicia of ownership in Nobles, 842 F. Supp. at 1437; see also Petition of Zebroid Trawling Corp., 428 F.2d 226, 228 (1st Cir. 1970) (limitation need not be refused "on the ground that the owner . . . had parted with title"); In re Felgate, No. 3:17-cv-1286 (VLB), 2020 WL 1542372, at *7 (D. Conn. Mar. 30, 2020) ("term 'owner,' as used in limitation of liability statutes, is an 'untechnical word' which should be interpreted in a 'liberal way.' . . . 'As a general rule, one who is subjected to a ship-owner's liability because of his exercise of dominion over a vessel should be able to limit his liability to that of an owner.'") (quoting Flink v. Paladini, 279 U.S. 59, 63 (1929) and Dick v. United States, 671 F.2d 724, 727 (2d Cir. 1982)).  Based on the foregoing and the discussion of the issue with the parties during the hearing, for purposes of the pending motion, the Court is treating Petitioner Ryan Marcotte as an "owner" entitled to rely on the Limitation of Liability Act.  This approach is without prejudice to any claimant challenging the factual underpinnings of this determination as the case proceeds.

of liability due to violations of navigation rules and regulations by Petitioner Ryan Marcotte who was acting in his capacity as the master/operator of the Ohana at the time of the collision, as well as that Petitioners acted in a careless and negligent manner without due regard for the safety of others, violated state and/or federal law, statutes and/or regulations, failed to keep a proper lookout, failed to recognize an impending danger and take action, failed to proceed at a safe speed under the circumstances, and failed to manipulate, control and/or operate the Ohana in a safe or appropriate manner.  E.g., ECF No. 7 at 6, 12, 15; ECF No. 10 at 4.  The case also includes Petitioners' claims back against the two individual Claimants (Gary and Gerard Narkiewicz) alleging that they were the master and crew of the other vessel and that their negligent conduct and failure to comply with Inland Navigational Rules caused the collision. ECF No. 15 at 13; ECF No. 16 at 17-18.

Claimant RIDEM's civil administrative enforcement action – alleging that Petitioner Ryan Marcotte was acting as master of the Ohana at the time of the collision and that he violated state navigation regulations on state waters – exposes him to a maximum consequence of a $400 fine.  As RIDEM advised the Court during the hearing, this civil charge does not implicate the imposition of any consequence to protect the public (such as a license suspension or criminal punishment).  In addition, RIDEM conceded that this is not a circumstance where the passage of time will make this civil charge more difficult to litigate.  RIDEM further represented that the only public interest implicated by lifting the Stay is the desire of state law enforcement to promptly conclude the adjudication of inland navigation violation charges, but that otherwise the civil matter against Petitioner Ryan Marcotte will have very little impact on the boating community.

**II.     Applicable Law**

3

The Court has discretion whether to impose or dissolve an admiralty stay in a limitation action. Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 454 (2001). That discretion can include staying claims that are not themselves subject to the Limitation of Liability Act. Matter of Grace Ocean Priv. Ltd., 765 F. Supp. 3d 461, 468-69 (D. Md. 2025) ("Grace"). The Court can dissolve the stay if it has satisfied itself that a vessel owner's right to seek limitation will be adequately protected. Id. Thus, "where a boat owner has filed a petition to limit liability a claimant may proceed in state court only where 'the state proceeding could have no possible effect on the petitioner's claim for limited liability in the admiralty court.'" Keller v. Jennette, 940 F. Supp. 35, 38 (D. Mass. 1996) (quoting Lake Tankers Corp. v. Henn, 354 U.S. 147, 153 (1957)) (emphasis supplied). Further, although the Limitation of Liability Act specifies that it does not affect the liability of the "master" of a vessel even though that individual is also the owner, 46 U.S.C. § 30530, the case law is clear that an owner who was operating the vessel (as "master") can obtain the benefit of the Act via concursus in the federal admiralty forum. Bensch v. Est. of Umar, 2 F.4th 70, 73 (2d Cir. 2021) ("the fact that here the owner himself was operating the vessel at the time of the injury does not defeat the limitation of liability action. . . . the statute creates a federal admiralty forum in which the owner may seek limitation of liability by establishing that he was not at fault with respect to the collision").

In Grace, 765 F. Supp. 3d at 466-67, the admiralty case dealing with the catastrophic allision of a vessel with the Francis Scott Key Bridge in Baltimore, Maryland, the court considered a motion by the State of Maryland for partial lift of the stay entered pursuant to the Limitation of Liability Act to pursue civil state claims (for the discharge of pollutants and breach of contract) that the State alleged were outside the scope of the Act. In denying the motion, the Grace court explained that the Limitation of Liability Act was enacted to ensure that shipowners

4

can effectively avail themselves of the protections of the Act, so that upon the proper filing of a limitation action, "'<u>all claims and proceedings</u> against the owner related to the matter in question shall cease.' . . . [which] mechanism serves to ensure that 'all claims are marshaled and brought into one action – establishing a 'concursus' of all claims.'" <u>Grace</u>, 765 F. Supp. 3d at 466 (quoting <u>Md. Casualty Co. v. Cushing</u>, 347 U.S. 409, 414 (1954))) (emphasis supplied) (citation omitted). <u>Grace</u> notes that, to protect the rights of claimants to pursue state-law *in personam* claims in the forum of their choosing, federal courts typically maintain the concursus only until a decision on limitation has been made; if limitation of liability is denied, the stay is lifted, and claimants are given the choice of remaining in the federal action or bringing suit in the forum of their choosing. <u>Grace</u>, 765 F.3d at 466-67. After a decision on limitation or exoneration, "'[t]he claimant then may pursue relief in any suitable forum.'" <u>Id.</u> at 467 (quoting <u>In re Aramark Sports & Ent. Servs., LLC</u>, 831 F.3d 1264, 1273 (10th Cir. 2016)) (alteration in original).

Thus, as <u>Grace</u> holds, the decision to dissolve or modify the stay before the decision on limitation is "one of discretion in every case" based on considerations such as whether the lifting of the stay would frustrate the purpose of the Limitation of Liability Act, would create the risk of inconsistent judgments with respect to core issues pertaining to the question of whether petitioners are entitled to limitation of liability, and would be contrary to the interests of judicial economy and fairness. <u>Grace</u>, 765 F. Supp. 3d at 469 (internal quotation marks omitted). For example, when a state's interest is the pursuit of a criminal prosecution of the owner/master, whose operation of the vessel allegedly resulted in the death of a passenger, one court lifted the stay to allow the criminal prosecution to proceed. <u>Matter of Denver</u>, No. 21-cv-11841-ADB, 2024 WL 1075144, at *9 (D. Mass. Mar. 12, 2024) (recognizing discretionary nature of stay against master who is also owner of the vessel, court partially lifts stay as "the fairest and most

efficient way to resolve this matter and consistent with the purposes of [Limitation of Liability Act]"). On the other hand, in Grace, the court declined to lift the stay to allow the State's pursuit of civil claims. Grace, 765 F.3d at 472. In reaching this equitable determination, the court relied on the State's failure to demonstrate that it would be prejudiced from having to wait until after limitation is decided, as well as on the court's findings that a partial lift of the stay would undermine the concursus, create the risk of inconsistent judgments, be unfair to petitioners and other claimants and create the risk that the matter would become unmanageable. Id. at 471-72.

**III.     Analysis and Recommendation**

In this case, the factual issue to be determined by the RIDEM's civil traffic tribunal proceedings – whether Petitioner Ryan Marcotte violated state navigational rules during the voyage that ended with the collision – is inextricably intertwined with the factual issues that will impact whether the Court will grant Petitioners' prayer for exoneration or limited liability. That is, one (the liability limitation action) turns on whether Petitioner Ryan Marcotte, who was the operator of the Ohana at the time of the collision, was negligent in his operation of the vessel, while the other (the RIDEM civil proceeding) would determine whether he breached of state navigational rules, where a finding of a breach would likely go far towards establishing negligence.[2] Therefore, permitting the RIDEM matter to proceed would undermine the exclusive jurisdiction of this admiralty Court; interfere with concursus; expose Petitioners to the risk of inconsistent judgments; and adversely impact the claim of Petitioner Ryan Marcotte for limited liability in the admiralty Court. Balanced against these considerations is RIDEM's concession that there is limited public interest served by lifting the Stay, as well as that no prejudice would be caused by waiting until the decision on limitation or exoneration, as the Limitation on

---

[2] The Court expresses no view whether the traffic court finding would have preclusive effect as a matter of law, noting that it more likely would not. See Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 111 (1991).

Liability Act contemplates. Based on these considerations, my recommendation is that the Court deny the motion to lift the Stay.

## IV.     Conclusion

Based on the foregoing analysis, I recommend that Claimant RIDEM's Motion to Lift the Stay (ECF No. 9) be DENIED. Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation. See Fed. R. Civ. P. 72(b); DRI LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
September 2, 2025